**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000903
18-MAY-2021
08:01 AM
Dkt. 105 SO**

NO. CAAP-18-0000903

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KS, Plaintiff-Appellee, v.
TS, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 07-1-2764)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant TS (**TS**) appeals from the April 15, 2019 Order Granting Plaintiff's Attorney's Fees and Costs Associated with Plaintiff's Motion for Post-Decree Relief (**Attorney's Fee Order**) entered against him and in favor of Plaintiff-Appellee KS (**KS**) in the Family Court of the First Circuit (**Family Court**).[1] TS also challenges the Family Court's October 24, 2018 Order Re: Plaintiff's and Defendant's Motions for Post Decree Relief (**Post-Decree Order**), as well as the

---

[1] The Honorable Jessi L.K. Hall presided.

January 3, 2019 Findings of Fact and Conclusions of Law, which were filed as a Supplemental Record on Appeal (**FOFs/COLs**).

TS raises two points of error on appeal, contending that the Family Court:  (1) erred in granting the Post-Decree Order, and refusing to give effect to an alleged agreement between the parties; and (2) abused its discretion in awarding attorney's fees to KS.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve TS's points of error as follows:

(1)  The parties' Divorce Decree was entered on May 7, 2008 (the **Decree**), and awarded certain real property to KS (the **Property**), subject to any debt thereon, and an equalization payment from KS to TS to be made in a manner spelled out in the Decree.  On February 27, 2009, TS sought post-decree relief, arguing that KS failed to, *inter alia*, refinance the Property or take TS's name off the mortgage loan, as set forth in the Decree. It appears that attempts were made to sell the Property during the 2008-2009 time frame, but that the offers made would have resulted in "a loss."  After various continuances, which appear to have been requested in order for the parties to figure out a workable solution, on September 27, 2010, the Family Court entered a Stipulation to Modify Divorce Decree [and] Order

(**Stipulation and Order**), which modified the Decree.[2] In the Stipulation and Order, with respect to the Property, the parties stipulated and the Family Court ordered as follows:

> [TS] shall have exclusive occupancy of the former marital residence until such time as it is sold. [TS] shall be responsible for paying the mortgage, taxes, maintenance and utilities on the property until such time as it is sold. When the former marital residence is sold, the parties shall share equally in any deficiency or equity, provided however, that [KS] shall receive a TEN THOUSAND DOLLARS ($10,000.00) credit towards her share of the deficiency or equity at the time of closing. [TS] shall have sole authority to determine when the real property should be listed and/or sold.

On April 25, 2018, KS filed a Motion and Declaration for Post-Decree Relief (**2018 Post-Decree Motion**) in which KS sought, *inter alia*, enforcement of the Stipulation and Order on the grounds that TS had sold the Property and failed to split the proceeds with KS, as set forth in the Stipulation and Order.

On June 7, 2018, TS filed a response to the 2018 Post-Decree Motion in which TS asserted that he "purchased" KS's share of the Property in 2013 "by refinancing the loan to remove her name from any further financial responsibility" and paid KS $10,000 as agreed upon in the Stipulation and Order. TS contended that the $10,000 payment constituted a sale of the Property as evidenced by a Quitclaim Deed, which was signed by KS on May 24, 2013, and recorded on June 6, 2013 (**Quitclaim Deed**). KS contends that the Quitclaim Deed was done to facilitate TS's refinance of the Property, as evidenced by a loan payoff letter dated June 1, 2013, and a release of the parties' mortgage dated

---

[2] The Honorable Paul T. Murakami presided.

June 19, 2013. Both parties provided further argument and submissions to the Family Court. It appears undisputed that TS sold the Property in 2017. As the Family Court later found, *inter alia*, TS received a total (net) amount of $221,247.87 from the sale of the Property (FOF 18).[3]

On October 24, 2018, the Family Court held a hearing on the 2018 Post-Decree Motion, as well as other pending matters. After argument of counsel, with respect to the proceeds of the Property, the Family Court orally ruled:

> Pursuant to the September 27th, 2010, order, it is clear that the deficiency or equity is to be divided equally between the parties at any time -- such time as the house is sold.
>
> The house has been sold. There has been no dispute that [TS] received 221,247.87.
>
> As such, judgment shall enter in favor of [KS] in the amount of 110,623.93.

On October 24, 2018, the Family Court entered the Post-Decree Order, which stated that "[KS's] Motion for 50% of the equity from the sale of the marital residence is Granted pursuant to the Sept. 27, 2010 order." In other words, the Family Court granted KS's request to enforce the Stipulation and Order. On January 3, 2019, the Family Court entered the FOFs/COLs, which were consistent with the court's oral ruling and the Post-Decree Order.

---

[3]    Although TS identifies FOF 18 in his points of error, he makes no argument that the Family Court erred in its determination of this amount, and therefore, any such arguments are waived.

On appeal, TS argues that the Family Court erred in failing to construe the Quitclaim Deed as an enforceable agreement between him and KS, overriding and/or superseding the clear directive of the Stipulation and Order. This argument is without merit.

As the Hawaiʻi Supreme Court has recognized, in general, a deed is not a contract. See Balogh v. Balogh, 134 Hawaiʻi 29, 40 n.7, 332 P.3d 631, 642 n.7 (2014) (citations omitted). A deed conveys property, as opposed to promising to do something. Here, there is no evidence of a meeting of the minds with respect to the effect of the Quitclaim Deed. There is no evidence that KS agreed to forego her share of any equity in the Property upon its sale, as she was entitled to pursuant to the Stipulation and Order. In an October 8, 2018 Declaration, TS states, in relevant part:

> 4. In 2013, we had to refinance the mortgage (it was an interest only mortgage with a balloon payment coming soon), but [KS] wanted off the mortgage. She did not want to be responsible for owning the property anymore. . . .
>
> 5. In May 2013, [KS] signed a quit claim deed to me because she did not want to be on a mortgage and wanted to just be done with owning the property. . . .

(Format altered).

Notably, TS does not aver that there was a meeting of the minds that KS would forego her share of any equity in the Property once it was sold. There is no written agreement and no other evidence supporting TS's contention that the parties intended to modify the effect of the Stipulation and Order.

5

Clearly, KS disputes that she agreed to forego her share of the equity and acted to enforce the Stipulation and Order when she learned that the Property had been sold. Indeed, TS's refinancing of the mortgage is consistent with his rights and obligations under the Stipulation and Order, which provided that he would be responsible for the mortgage, etc., until the Property was sold, but that he would have "sole authority" to determine when it would be sold.

Accordingly, we conclude that the Family Court did not err in enforcing the Stipulation and Order and in rejecting TS's argument that the Quitclaim Deed constituted an enforceable agreement between the parties.

(2) TS argues that the Family Court abused its discretion in awarding KS attorney's fees, on alternate grounds, including that KS was not entitled to attorney's fees because she was not the prevailing party, it was not just and equitable to award her fees, the Family Court failed to undertake the analysis set forth in HRS § 580-47(f) (2018), this was not an enforcement action, the fees were not reasonable and necessarily incurred, and Hawaiʻi Family Court Rules Rule 54(d) does not support an award of fees to KS.

As explained in the Family Court's June 17, 2019 Findings of Fact and Conclusions of Law [Re: Appeal from the Order Granting Plaintiff's Attorney's Fees and Costs Associated with Plaintiff's Motion for Post-Decree Relief Filed April 25,

2018 Filed April 15, 2019] (**FOF/COL re Fees**), the Family Court concluded that an award of attorney's fees to KS was supported by HRS §§ 571-8.5(a)(6)&(10) (2018) and 580-47(f), and found and concluded that it was reasonable and equitable to award fees to KS for having to enforce the Stipulation and Order. Although the Family Court did not enumerate all of the HRS § 580-47(f) considerations, it appears that they were adequately considered and supported in the record. We conclude that the Family Court did not err or abuse its discretion in this regard.

TS also argues that, even if fees were awardable in this case, particular time entries by KS's attorney appear unreasonable and/or excessive and/or unnecessary. The objections to these time entries were presented to the Family Court prior to the Family Court's entry of the Attorney's Fees Order. KS requested an award of $9,000 for 30 hours of attorney's fees at $300 per hour.[4] However, the Family Court awarded KS only $5,040, thus reducing the award to payment for 16.8 hours, instead of the requested 30 hours. TS does not argue or explain why or how this reduction of fees was insufficient. Upon review of the entire record, including the attorney's fees request and the specific objections thereto, we conclude that the Family Court did not abuse its discretion in awarding attorney's fees in the reduced amount of $5,040.

---

[4] No objection was raised as to counsel's hourly rate.

For these reasons, the Family Court's April 15, 2019 Attorneys Fee's Order and October 24, 2018 Post-Decree Order are affirmed.

DATED: Honolulu, Hawaiʻi, May 18, 2021.

On the briefs:

Rebecca A. Copeland,
for Defendant-Appellant.

Andre S. Wooten,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge